IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENLEY J. OMPOY; TRACY L. OMPOY aka TRACY L. DELATORI; JOHN K. DELATORI; ARLENE M. DELATORI; AMERICAN SAVINGS BANK, F.S.B., a federal savings bank; PINNACLE CREDIT SERVICES, LLC; FIRST RESOLUTION INVESTMENT CORPORATION; STATE OF HAWAII, DEPARTMENT OF TAXATION; and MAUI COUNTY,<br><br>Defendants. | Civil No. 20-00054 JAO-RT<br><br>**FINDINGS AND RECOMMENDATION TO GRANT THE UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS PINNACLE CREDIT SERVICES, LLC AND FIRST RESOLUTION INVESTMENT CORPORATION** |

**FINDINGS AND RECOMMENDATION TO GRANT THE
UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST
DEFENDANTS PINNACLE CREDIT SERVICES, LLC AND
FIRST RESOLUTION INVESTMENT CORPORATION**

Before the Court is Plaintiff United States' ("Plaintiff") Motion for Default Judgment Against Defendants Pinnacle Credit Services, LLC ("Pinnacle") and First Resolution Investment Corporation ("FRIC") (collectively "Default Defendants") ("Motion"), filed August 19, 2020. ECF No. 55. None of the defendants filed a response to the Motion.

The Motion came on for a telephonic hearing on October 8, 2020, with Jeremy N. Hendon, Esq. appearing for the Plaintiff and Tracy Ompoy appearing pro se. ECF No. 59. The Default Defendants did not appear at the hearing. During the hearing, the Court

expressed concern about granting the Motion. After the hearing, the Court issued an entering order granting Plaintiff leave to supplement its Motion. ECF No. 59.

On October 16, 2020, Plaintiff filed its Supplement to Its Motion ("Supplement") addressing the Court's concerns. ECF No. 60. On October 21, 2020, the Court held a telephonic hearing on the Motion and Supplement where Mr. Hendon appeared for the Plaintiff, Ms. Ompoy appeared pro se, and Nathan Chee, Esq. appeared for defendant State of Hawaii, Department of Taxation.

After careful consideration of the Motion and the Supplement, supporting documents, hearings on the matter, relevant legal authority, and record in this case, the Court HEREBY FINDS and RECOMMENDS that the Plaintiff's Motion be GRANTED for the reasons set forth below.

## BACKGROUND

On February 4, 2020, Plaintiff filed a Complaint to Reduce Federal Tax Assessments to Judgment and Foreclose Federal Tax Liens on Real Property ("Complaint") seeking, in relevant part, to foreclose its federal tax liens against a parcel of real property and to sell that parcel of real property ("Subject Property"). ECF No. 1.

Plaintiff claims that it named the Default Defendants in Count Four of the Complaint pursuant to 26 U.S.C. § 7403(b) because the Default Defendants may claim an interest in the Subject Property. ECF No. 1, Complaint at ¶¶ 9, 11. To demonstrate the potential claims the Default Defendants may have, Plaintiff attached copies of judgment liens held by the Default Defendants against Defendants John K. Delatori and Arlene M.

Delatori (collectively "Delatori Defendants"). The judgments against the Delatori Defendants were recorded with the State of Hawaii, Bureau of Conveyances. ECF Nos. 55-2 & 55-3.

On March 25, 2020, Plaintiff served Pinnacle the Summons and a copy of the Complaint on Pinnacle's registered agent for service of process listed with the State of Hawaii, Secretary of State. ECF No. 31. On that same day, the Plaintiff served FRIC by serving the Summons and a copy of the complaint on FRIC's registered agent for service of process listed with the State of Hawaii, Secretary of State. ECF No. 32.

On June 5, 2020, the Court convened a Rule 16 Scheduling Conference. Since several defendants had not responded to the complaint at that time, the Court continued the Rule 16 Scheduling Conference to July 7, 2020. The Court also sent notice to all non-appearing defendants cautioning them that "failure to appear in this action or file an appropriate answer or responsive pleading may result in imposition of sanctions, including entry of a default judgment against them." ECF No. 42. On June 10, 2020, Plaintiff filed a Suggestion of Death of Defendant John K. Delatori. ECF No. 44.

The Default Defendants did not file an answer or other responsive pleading to the Complaint. On July 27, 2020, Plaintiff filed a Request for Entry of Default against the Default Defendants. ECF No. 51. The Clerk of the Court entered default against the Default Defendants on July 30, 2020. ECF No. 52.

Plaintiff filed the instant Motion on August 19, 2020. ECF No. 55. At the October 8, 2020 telephonic hearing on the Motion, the Court noted the Default

Defendants' failure to appear and stated its inclination to find the Motion premature as the Motion sought default judgment concerning interests that were yet to be determined. The Court granted Plaintiff's request for additional time to determine whether Plaintiff wished to proceed and took the matter under advisement.

On October 8, 2020, this Court issued an Entering Order granting Plaintiff leave to submit a supplement to the Motion on the issues of (1) whether granting the Motion would lead to incongruous and unfair results, and (2) why this Court, in light of the 20% interest held by Defendant Arlene M. Delatori, should find that there is no just reason for delay pursuant to Fed. R. Civ. P. 54.  On October 16, 2020, Plaintiff filed a Supplement to Its Motion for Default Judgment against the Default Defendants ("Supplement").  ECF No. 60.  In the Supplement, Plaintiff argues that (1) the Delatori Defendants are not jointly liable with the Default Defendants on any claim in the Complaint and the Default Defendants' default in this action would have no effect on Plaintiff's legal theories against the Delatori Defendants in this action; and (2) there is no just reason for delay in entering default because default judgment would not negatively affect any remaining party in this action's claims or defenses.  On October 21, 2020, the Court held a telephonic conference on the Motion and found and recommended that the district judge grant the Motion.

# DISCUSSION

A.     Jurisdiction

Before arriving at a determination on whether default judgment is appropriate, the Court must first turn to whether it has subject matter jurisdiction over this action. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place"). This action was brought pursuant to 26 U.S.C. §§ 7401 and 7403. This Court thus finds that it has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

This Court also has personal jurisdiction over the Default Defendants. The Court has personal jurisdiction over a party if (1) the state in which it sits would have personal jurisdiction and (2) jurisdiction comports with due process. See Fed. R. Civ. P. 4(k); Boschetto v. Hansing, 539 F.3d 1011, 1021 (9th Cir. 2008). In this case, Hawaii is the relevant state and Hawaii's long-arm statute, Haw. Rev. Stat. § 634-35, is the relevant law. "The Hawaii Supreme Court interprets Haw. Rev. Stat. § 634-35 as allowing jurisdiction 'to the full extent permissible by the Due Process Clause of the Fourteenth Amendment.'" Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Cowan v. First Ins. Co., 61 Haw. 644, 608 P.2d 394, 399 (1980)) (citations omitted). "Because Hawaii's long-arm statute reaches to the full extent permitted by the Constitution, the Court need only determine whether due process

permits the exercise of personal jurisdiction." Id. (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (citations omitted).  Due process is satisfied if general jurisdiction or specific jurisdiction exists.  Id. (citations omitted).  "General jurisdiction exists only when the defendant's 'activities in the state are 'substantial' or 'continuous and systematic.'"  Id. (citing Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)) (citation omitted).  Specific jurisdiction exists when the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Id. (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (citation omitted).

To establish specific jurisdiction, the following three-part test is used to "evaluate the nature and quality of [the defendant's] contacts with the forum state."  Id. (citing Sher, 911 F.2d at 1361) (internal quotations omitted).

(1) The non-resident defendant must purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or perform some act by which [it] purposefully avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. (citing Schwarzenegger, 374 F.3d at 801-02) (citation omitted). It is the plaintiff's burden to satisfy the first two requirements. Id. "If the plaintiff fails to satisfy either of these requirements, personal jurisdiction is not established in the forum state." Id. If the plaintiff meets its burden, then the burden shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." Id. (citing Burger King Corp., 471 U.S. at 471-72) (internal quotations omitted).

"The first prong of the three-part specific jurisdiction test contemplates whether the defendant's 'conduct and connection with the forum state are such that the defendant should reasonably anticipate being haled into court there.'" Id. (citing Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Limited, 328 F.3d 1122, 1130 (9th Cir. 2003)) (citation omitted). "This prong 'may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of the activities at the forum; or by some combination thereof.'" Id. (citing Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006)).

"The second prong of the jurisdictional analysis is met if the claim 'arises out of or relates to the defendant's forum-related activities." Id. (citing Harris Rutsky & Co. Insurance Services, Inc. v. Bell & Clements Limited, 328 F.3d 1122, 1129 (9th Cir. 2003)).

The first prong of the jurisdictional analysis has been met. The Complaint states that Pinnacle and FRIC "[were] named as [ ] defendant[s] pursuant to 26 U.S.C. §

7

7403(b) because [they] may claim an interest in the real property at issue." ECF No. 1 at p. 4, ¶¶ 9 & 11. This is because Pinnacle filed a judgment against Defendant John K. Delatori with the State of Hawaii, Bureau of Conveyances on December 28, 2012. ECF No. 55-2. Similarly, FRIC filed a judgment against Defendant Arlene M. Delatori with the State of Hawaii, Bureau of Conveyances on May 22, 2017. ECF No. 55-3. By bringing claims and obtaining judgment against Defendant John K. Delatori in the State of Hawaii, Pinnacle directed its activities at Hawaii and thus, purposefully availed itself to the privilege of conducting activities in Hawaii. The same is true for FRIC. FRIC brought claims and obtained judgment against Defendant Arlene M. Delatori in Hawaii. FRIC directed its activities at Hawaii and thus, purposefully availed itself to the privilege of conducting activities in Hawaii. In addition, both Pinnacle and FRIC have registered agents for service of process in Hawaii. ECF NO. 55-1 at p. 6.

The second prong is also met because Plaintiff's claim in this case relates to Pinnacle and FRIC's judgments. As the Complaint states, Plaintiff named the Default Defendants because they may claim an interest in the Subject Property based on their respective judgments. ECF NO. 1 at p. 4, ¶¶ 9 & 11.

Because the first and second prong has been met, it is each of the Default Defendants' burden to present a compelling case that the exercise of jurisdiction would not be reasonable. Because the Default Defendants have not responded and this Court cannot find that the exercise of jurisdiction would not be reasonable, this Court has personal jurisdiction over the Default Defendants.

B.   Eitel Factors

Default may be entered by the clerk if the defendant has "failed to plead or otherwise defend" within the permitted time. Fed. R. Civ. P. 55(a). However, "[e]ntry of default does not entitle the non-defaulting party to a default judgment as a matter of right." In re Villegas, 132 B.R. 742, 746 (9th Cir. 1991) (citations omitted). This is because default judgments are disfavored by the courts as cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The Court has discretion whether to enter default judgment. See Lau Ah Yew v. Dulles, 236 F.2d 415 (9th Cir. 1956). In Eitel v. McCool, the Court identified seven factors that districts court may consider in exercising their discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Eitel, 782 F.2d at 1471-72. Where a default is entered, the well-pleaded allegations in the complaint are taken as true. See Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes, 559 F.2d at 560. The plaintiff, however, must establish the relief to

9

which it is entitled.  See Pope v. United States, 323 U.S. 1 (1944); Fair Housing of Marin, 285 F.3d at 906.

### 1. The Possibility of Prejudice

To evaluate the possibility of prejudice, the Court considers whether the Plaintiff would suffer any prejudice if default judgment is not entered.  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C. D. Cal. 2002).  In this case, the Default Defendants were served, but failed to respond to Plaintiff's Complaint.  The lack of response makes a decision on the merits impossible.  If default judgment is not granted, the Plaintiff would be left without recourse for recovery.  The Court thus finds that this factor favors default judgment.

### 2. Merits of the Claim

In order to meet this factor, Plaintiff must state a claim on which it may recover.  See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).  Taking the allegations in the Complaint as true for purposes of liability, the Court finds that the Complaint sufficiently alleges a substantive claim involving the Default Defendants.  The relevant claim in the Complaint is "Count Four: Foreclosure of Federal Tax Liens Against the Real Property at Issue."  ECF No. 1 at p. 15.  Plaintiff alleges facts to show that pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States and attached to the Subject Property.  Plaintiff has alleged that all tax liens have priority over all interests in the Subject Property.  Further, Plaintiff has submitted sufficient evidence, through Exhibits 1 and 2 attached to the Motion to show that pursuant to 26 U.S.C. § 7403(b), it

10

properly named the Default Defendants as parties in this case. Accordingly, this factor weighs in favor of default judgment.

      3.      <u>Sufficiency of the Complaint</u>

This factor is related to the previous factor, merits of the claim. This Court has already determined that the Complaint is adequately pled as it relates to the claims against the Default Defendants. As such, the Court finds that this factor favors default judgment.

      4.      <u>Sum of Money at Stake</u>

In evaluating this factor, this Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." <u>PepsiCo, Inc.</u>, 238 F. Supp. 2d at 1176 (citing <u>Eitel</u>, 782 F.2d at 1472). In this case, the substantive claim involving Default Defendants do not involve a specific amount of money. Further, it is important to note that Plaintiff "is not requesting that the Court extinguish any claim that the Default Defendants may have against [defendants] John [K. Delatori] or Arlene [M. Delatori], or that their lien may have against any other property . . . Instead, this motion only seeks to extinguish any interest that the Default Defendants may claim in the subject property." ECF No. 55-1 at pp. 14-15. That being said, it is true that this factor does not weigh in favor of denying the Motion, but this Court also cannot say that this factor weighs in favor of default judgment. As a result, the Court shall treat this factor as being neutral.

5.   Likelihood of a Dispute Concerning Material Facts

In light of the fact that the Default Defendants have never appeared in this case despite being served the Summons and Complaint, there is no possibility of a dispute over the material facts.  The Court therefore finds that this factor favors default judgment.

6.   Excusable Neglect

The record reflects that the Default Defendants were served with the Summons and Complaint but did not defend.  ECF Nos. 31 & 32.  Their failure to respond despite being served signifies their conscious and willful decision not to defend.  This factor thus weighs in favor of default judgment.

7.   Policy Favoring Decisions on the Merits

There is a policy of favoring decisions on the merits, and default judgments are disfavored.  In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  However, the Default Defendants have not complied with any deadlines, rules, and orders and as such, this case cannot move forward.  Although this factor tends to weigh against default judgment, it does not preclude the finding that default judgment is appropriate in this case.

8.   Totality of the Eitel Factors

In summary, this Court finds that factors (1), (2), (3), (5) and (6) weigh in favor of default judgment, and factor (4) is neutral.  The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits.  The Court thus FINDs that the Eitel Factors weigh in favor of default judgment.

C. <u>No Just Reason for Delay</u>

Pursuant to Fed. R. Civ. P. 54(b):

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether there is no just reason for delay, this Court considered "whether it would be 'incongruous and unfair' to allow [Plaintiff] to prevail against the [Default Defendants] on a legal theory that may be ultimately rejected with regard to the answering defendant[s] in th[is action]." <u>Ferrari Financial Services, Inc. v. Yokoyama</u>, Civ. No. 18-00136 JAO-RLP, 2018 WL 4610870, at *2 (D. Haw. Sept. 6, 2018) (citing <u>In re First T.D. & Inv., Inc.</u>, 253 F.3d 520, 532 (9th Cir. 2001)) (citation omitted).

  Plaintiff named the Default Defendants in this action because of the requirement in § 7403(b) that when the United States seeks to foreclose its federal tax liens under § 7403(a), it must name all persons who have or may claim an interest in the Subject Property as defendants. Thus, the only claim or legal theory involving the Default Defendants is to adjudicate any claim or interest the Default Defendants may have in the Subject Property and if there is any such interest, the priority of such interest. Because the Default Defendants failed to appear and assert any claim to the Subject Property or to litigate their priority, Plaintiff's Motion only seeks the finding that the Default

13

Defendants have no interest in the Subject Property. Plaintiff states that "[t]he Motion does not seek to establish the validity and priority of any of the remaining parties' claims or interest in the subject property in Count Four . . . " ECF No. 60 at p. 6.

Further, there is no just reason to delay default judgment. As stated earlier, the Default Defendants failed to appear and respond to this case. If priority is not determined at this stage, the remaining parties may be negatively affected. The Default Defendants' failure to respond and litigate may affect the parties' ability to engage in settlement discussions and would further cloud title to the Subject Property, which may thereby affect the potential sales price of the Subject Property.

Accordingly, the Court finds that an incongruous and unfair result would not result from entry of the requested default judgment because the requested default judgment will only affect the Default Defendants and their claim to the Subject Property. It will not affect any other party's claims or defenses in this case. The Court finds that there is no just reason for delay in entering default judgment pursuant to Fed. R. Civ. P. 54 as the parties may face prejudice if default judgment is not entered against the Default Defendants now.

Having considered all of the relevant factors, this Court FINDS that default judgment against the Default Defendants is warranted. This Court therefore RECOMMENDS that the district judge issue default judgment in favor of Plaintiff and against Pinnacle and FRIC, which would extinguish any interest they may have in the Subject Property. However, the default judgment does not extinguish any underlying

debt owed to Pinnacle and FRIC and it does not extinguish the judgment liens held by Pinnacle and FRIC against any other property of John Delatori or Arlene Delatori.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that the Plaintiff's Motion for Default Judgment Against Defendants Pinnacle Credit Services, LLC and First Resolution Investment Corporation filed August 19, 2020, be GRANTED as there is no just reason to delay default judgment under Fed. R. Civ. P. 54(b).  This Court RECOMMENDS that the district court find that the default judgment will only extinguish any interest the Default Defendants may have in the property Subject Property, but does not affect the underlying claims in this case.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 15, 2021.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

___

Civ. No. 20-00054 JAO-RT; *United States of America v. Ompoy, et al.*; Findings and Recommendation to Grant the United States' Motion for Default Judgment Against Defendants Pinnacle Credit Services, LLC and First Resolution Investment Corporation